AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 225[redacted]
HABEAS CORPUS BY A PERSON IN[redacted]DY 06 528S

| United States District Court | District Rhode Island | |
|---|---|---|
| Name Chester R. Briggs | Prisoner No. | Case No. N1-1997-0276A |
| Place of Confinement Adult Correctional Institutions - Maximum Security | | |
| Name of Petitioner (include name under which convicted) Chester Briggs | V. | Name of Respondent (authorized person having custody of petitioner) A.T. Wall |
| The Attorney General of the State of: Rhode Island | | |

## PETITION

1. Name and location of court which entered the judgment of conviction under attack Superior Court of Newport County, Rhode Island

2. Date of judgment of conviction April 27, 2001

3. Length of Life imprisonment

4. Nature of offense involved (all counts) Murder, first-degree, one count

5. What was your plea? (Check one)
   (a) Not guilty XX G
   (b) Guilty G
   (c) Nolo contendere G
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury XX G
   (b) Judge only G

7. Did you testify at the trial?
   Yes G No XX G

8. Did you appeal from the judgment of conviction?
   Yes XX G No G

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court Supreme Court of Rhode Island

(b) Result Appeal denied

(c) Date of result and citation, if known Dec. 6, 2005; 886 A.2d 735

(d) Grounds raised Failure to produce exculpatory evidence; violation of Confrontation Clause; violation of Due Process Clause; admission of involuntary confession, among others.

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court

(2) Result

(3) Date of result and citation, if known

(4) Grounds raised

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court

(2) Result

(3) Date of result and citation, if known

(4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes G NoXX G

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court

(2) Nature of proceeding

(3) Grounds raised

AO 241 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes G No G

(5) Result ______

(6) Date of result ______

(b) As to any second petition, application or motion give the same information:

(1) Name of court ______

(2) Name of proceeding ______

(3) Grounds raised ______

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes G No G

(5) Result ______

(6) Date of result ______

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc. Yes G No G

(2) Second petition, etc. Yes G No G

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

______

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: SEE ATTACHED SHEET

Supporting FACTS (state *briefly* without citing cases or law):

B. Ground two: SEE ATTACHED SHEET

Supporting FACTS (state *briefly* without citing cases or law):

AO 241 (Rev. 5/85)

C. Ground three: SEE ATTACHED SHEET

Supporting FACTS (state *briefly* without citing cases or law):

D. Ground four: SEE ATTACHED SHEET

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes G NoXX G

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing
(b) At arraignment and plea John F. Cicilline, Esq.

AO 241 (Rev. 5/85)

(c) At trial John F. Cicilline, Esq.
Marie Roebuck, Esq.

(d) At sentencing John F. Cicilline, Esq.
Marie Roebuck, Esq.

(e) On appeal John F. Cicilline, Esq.

(f) In any post-conviction proceeding

(g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes G No XX G

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes G No XX G
(a) If so, give name and location of court which imposed sentence to be served in the future:

(b) Give date and length of the above sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes G No G

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

Dec 5 2006
Date

Chester Briggs
Signature of Petitioner

**Chester R. Briggs v. A.T. Wall**

**Attachments to Petition for Writ of Habeas Corpus**

**A. Ground One:** Fourteenth Amendment – Due Process: violation of *Brady v. Maryland.*

**Supporting Facts:** State failed to disclose two types of information regarding its star witness, Timothy Ayers: first, that, prior to trial in the *Briggs* case, Ayers cooperated with the State Police in another case, *State v. Fuller,* by claiming to relate inculpatory admissions made to him at the ACI by Mr. Fuller in that case. This is the same claim that Ayers made in the *Briggs* case: that he received inculpatory admissions from the defendant while housed at the ACI. The information that Ayers gave to the state in the *Fuller* case proved to be false in material particulars.

Second, the state failed to turn over three convictions of Ayers' which post-dated his agreement to cooperate in the *Briggs* case. The state did not terminate his cooperation agreement, notwithstanding a clause which required Ayers to refrain from criminal activity.

In an otherwise circumstantial case, Ayers was the single state's witness to claim to convict the defendant out of his own mouth.

**B. Ground Two:** Sixth Amendment and Fourteenth Amendment: violation of confrontation guarantee.

**Supporting Facts:** Trial court repeatedly restricted cross-examination of key state's witnesses, including:

- Cross-examination of Robert White regarding charged and uncharged crimes;
- Cross-examination of Willian Lyonnais on charged and uncharged crimes;
- Limitation of cross-examination of Sgt. Elwood Johnson re coercion in defendant's interrogation;
- Restriction of cross-examination of Medical Examiner re presence of blood under fingernails;
- Restriction of cross-examination of Lt. Thomas E. Kaminski re scope of investigation;
- Limitation on cross-examination of Alan Shepherd re whether defendant was wearing eyeglasses when allegedly seen at Getty Gas Station in Tiverton, Rhode Island;
- Limitation on cross-examination of Jane Wentworth regarding lease;

- Limitation of cross-examination of Elwood Johnson re statement made by Cooper Jacques re law and order and about alleged condition of Cooper Jacques's hands on night of homicide;

- Limitation on cross-examination of Detective Nicholas Tella re observations of twist-ties.

More detailed facts are contained in defendant's brief to the Supreme Court.

**C. Ground Three:** Fourteenth Amendment: violation of Due Process, Equal Protection and Compulsory Process Clauses.

**Supporting Facts:** The trial court repeatedly frustrated the defendant's effort to present a defense. In addition to the matters listed above relating to the cross-examination of state's witnesses, the following should be included:

- Exclusion of prior consistent statement of Bruce Sartwell which would have had rehabilitated alibi witnesses;

- Exclusion of testimony of Patricia McLeod, who would have impeached Timothy Ayers.

**D. Ground Four:** Fourteenth Amendment: denial of fair trial.

**Supporting Facts:** The prosecution failed to disclose critical material evidence, notwithstanding the requirements of the Due Process clause and state law. In addition to the items listed in Part A above, the prosecution failed to disclose that three of its witnesses would claim that a screw tie was located on the seat of defendant's truck which allegedly matched screw-ties found at the murder scene. This was the single piece of tangible evidence linking defendant to the Tiverton residence on the night of the homicide. This violation went beyond a state law discovery violation because of its extreme nature and the detrimental reliance that the defendant placed upon the state's discovery representations.

In addition, the state failed to turn over the following:

- Complete BCI return on witness William Lyonnais;

- The substitution of witness Hanson for witness Burowski to testify regarding the location of certain cellular calls made from defendant's phone. This evidence was used to support the state's argument that defendant was driving home through Massachusetts on the night of the murder and had not remained in New Hampshire.

- Failure to disclose that witness Frederick Murdoch would testify to activities on February 19, 1997 as well as February 18, 1997.

**E. Ground Five:** Fifth and Fourteenth Amendment: Involuntary Confession.

**Supporting Facts:** The state was permitted by the Supreme Court Decision to introduce half of a thirteen-hour interrogation in which, as the hearing judge explicitly found,

> "the defendant was cajoled, demeaned, threatened with prosecution for obstruction and child molestation. He was consistently called a liar.
>
> Impliedly, his job was threatened. He was yelled at, and on occasions,
>
> the Detectives swore at the defendant. The officers were persistent in their questioning of the defendant's sexual preference and his overall sex life."