IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHESTER BRIGGS | : | |
| | : | CA No. 06-528S |
| vs. | : | |
| | : | |
| A.T. WALL | : | |

**PETITIONER'S INITIAL MOTION FOR DISCOVERY**

Petitioner, Chester Briggs, hereby moves under Rule 6(a) of the Rules Governing Section 2254 Cases for leave to compel the production of certain categories of documents. The specific discovery requests are attached as Exhibit A. Petitioner states his reasons more fully in the accompanying memorandum and incorporates by reference the arguments made in the previously filed *Petitioner's Memorandum in Support of Objection to State of Rhode Island's Motion to Dismiss Petition Under 28 U.S.C. § 2254*.

Respectfully submitted,
Chester Briggs
By his attorneys,

/s/ C. Leonard O'Brien

JOHN A. MACFADYEN, ESQ. (#1209)
C. LEONARD O'BRIEN, ESQ. (#1886)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
401-751-5090

**CERTIFICATION**

I hereby certify that on the ____ day of June, 2007, I filed the foregoing Initial Motion for Discovery electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by transmission of the Notice of Electronic Filing generated by the ECF system to the following attorney(s) of record:

Jane M. McSoley
Assistant Attorney General
150 South Main Street
Providence, RI 02903
jmcsoley@riag.ri.gov

/s/ C. Leonard O'Brien

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHESTER BRIGGS | : | |
| | : | CA No. 06-528S |
| vs. | : | |
| | : | |
| A.T. WALL | : | |

**PETITIONER'S MEMORANDUM IN SUPPORT OF INITIAL MOTION FOR DISCOVERY**

## I. Law

Rule 6(a) of the Rules Governing § 2254 Cases states that "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Thus, the scope and extent of discovery in federal habeas corpus cases is a matter confided to the discretion of the Federal District Court. *Bracy v. Gramley,* 520 U.S. 899, 909, 138 L. Ed. 2d 97, 107, 117 S. Ct. 1793, 1799 (1997) (District court abused discretion in denying petitioner discovery of documents in government's control that might show that judge was biased in favor of state in petitioner's case.) In outlining the exercise of that discretion, the Supreme Court has stated that "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry.'" *Id.* at 909, quoting *Harris v Nelson,* 394 US 286, 299 (1969). The decision in *Harris* led to the adoption of Habeas Corpus Rule 6 and is meant to be "'consistent'" with *Harris*. *Id.* at 299, citing Advisory Committee's Note on Habeas Corpus Rule 6, *28 U.S.C., p. 479.*

## II. Law Applied

Petitioner has made a sufficient factual showing in *Petitioner's Memorandum in Support of Objection to State of Rhode Island's Motion to Dismiss Petition Under 28 U.S.C. § 2254,* hereinafter *("Petitioner's Objection")*, incorporated here by reference, to establish good cause for discovery under Rule 6(a). Specifically, Mr. Briggs has supportably alleged that:

- Mr. Ayers had an ongoing relationship with the police such that he could continue to live a life of crime so long as he continued to deliver the goods on fellow criminals. *Petitioner's Objection* at 4.
- There was a level of mutual dependence between Ayers and the state that belies Ayers's claim that the only benefit he received for his testimony was his original cooperation agreement back in 1997. *Petitioner's Objection* at 25, 27.
- Mr. Ayers had a separate, and deliberately non-disclosed, role as the alleged recipient of a jailhouse confession from Charles Fuller in circumstances strikingly similar to his Briggs evidence. The record below establishes that Ayers had given a statement to Detective John A'Vant of the State Police on October 21, 1999, nearly two years before disclosing the statement in the Fuller discovery. *Petitioner's Objection* at 8.

## CONCLUSION

For the reasons stated in this memorandum, in *Petitioner's Objection*, and those that may appear on further litigation of this case, this Court should grant the petitioner's request for discovery prefatory to holding a hearing on Mr. Briggs's claims of constitutional deprivation.

Respectfully submitted,
Chester Briggs
By his attorneys,

/s/ C. Leonard O'Brien, Esq.

JOHN A. MACFADYEN (#1209)
C. LEONARD O'BRIEN (#1886)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
401-751-5090

**CERTIFICATION**

I hereby certify that on the 8th day of June, 2007, I filed the foregoing Initial Motion and Memorandum for Discovery electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by transmission of the Notice of Electronic Filing generated by the ECF system to the following attorney(s) of record:

Jane M. McSoley
Assistant Attorney General
150 South Main Street
Providence, RI 02903
jmcsoley@riag.ri.gov

/s/ C. Leonard O'Brien, Esq.