IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHESTER BRIGGS | : | |
| | : | CA No. 06-528S |
| vs. | : | |
| | : | |
| A.T. WALL | : | |

**PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING**

Petitioner hereby moves under Rule 8(a) of the Rules Governing Section 2254 Cases. An evidentiary hearing is necessary to assess the justice of the habeas corpus claims in this matter.

Petitioner states his reasons more fully in the accompanying memorandum and incorporates by reference the entirety of his arguments made in the previously filed *Petitioner's Memorandum in Support of Objection to State of Rhode Island's Motion to Dismiss Petition Under 28 U.S.C. § 2254*.

Respectfully submitted,
Chester Briggs
By his attorneys,

/s/ C. Leonard O'Brien

JOHN A. MACFADYEN, ESQ. (#1209)
C. LEONARD O'BRIEN, ESQ. (#1886)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
401-751-5090

**CERTIFICATION**

I hereby certify that on the 8th day of June, 2007, I filed the foregoing Motion for Evidentiary Hearing electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by transmission of the Notice of Electronic Filing generated by the ECF system to the following attorney(s) of record:

Jane M. McSoley
Assistant Attorney General
150 South Main Street
Providence, RI 02903
jmcsoley@riag.ri.gov

/s/ C. Leonard O'Brien

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHESTER BRIGGS | : | |
| | : | CA No. 06-528S |
| vs. | : | |
| | : | |
| A.T. WALL | : | |

**PETITIONER'S MEMORANDUM IN SUPPORT OF MOTION FOR AN EVIDENTIARY HEARING**

Federal habeas corpus hearings are required if three conditions are met:

1. The petition alleges facts that, if proved, entitle the petitioner to relief. *Myatt v. United States,* 875 F.2d 8,10 (1st Cir. 1989).
2. The fact-based claims survive summary dismissal because the filings do not establish that "'it is transparently clear that the complaint, in light of the facts alleged, engenders no viable theory of liability.'" *Redondo-Borge v. United States HUD,* 421 F.3d 1, 5 (1st Cir. 2005), quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio,* 406 F.3d 1, 6 (1st Cir. 2005).
3. For reasons beyond the control of the petitioner and his constitutionally satisfactory counsel, the factual claims were not previously the subject of a full and fair hearing in the state courts, or if a full and fair hearing was held, it did not result in state court fact-findings that resolve all the controlling factual issues in the case. *Davis v. Lambert*, 388 F.3d 1052, 1061, 1066 (7th Cir. 2004).

*See,* Randy Hertz & James S. Liebman, *Federal Habeas Practice and Procedure*, § 20.1b, p. 892 (5th ed. 2005).

The Supreme Court has made clear that the "decision to grant an evidentiary hearing [is] generally left to the sound discretion of district courts." *Bader v. Warden*, 2007 U.S. App. LEXIS 12216, at *12 (1st Cir. May 25, 2007), quoting *Schriro v. Landrigan,* No. 05-1575, 2007 U.S. LEXIS 5496, 2007 WL 1387923, at *5-*6 (U.S. May 14, 2007).

In this case, Mr. Briggs has amply demonstrated all of the three above listed prerequisites to a hearing. See, Petitioner's Memorandum in Support of Objection to State of Rhode Island's Motion to Dismiss Petition Under 28 U.S.C. § 2254 (Petitioner's Objection). His petition alleges facts that are not patently frivolous or false, and if proved, entitle the petitioner to relief. For reasons beyond the control of the petitioner the factual claims were not previously the subject of a full and fair hearing in the state courts, and did not result in state court fact-findings that resolved all the controlling factual issues in the case.

**CONCLUSION**

For the reasons stated in this memorandum, those incorporated by reference in *Petitioner's Objection,* and those that may appear on further litigation of this case, this Court should grant the Mr. Briggs request for an evidentiary hearing.

Respectfully submitted,
Chester Briggs
By his attorneys,

/s/ C. Leonard O'Brien

JOHN A. MACFADYEN (#1209)
C. LEONARD O'BRIEN (#1886)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
401-751-5090

**CERTIFICATION**

I hereby certify that on the 8th day of June, 2007, I filed the foregoing Memorandum in Support of Motion for Evidentiary Hearing electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by transmission of the Notice of Electronic Filing generated by the ECF system to the following attorney(s) of record:

Jane M. McSoley
Assistant Attorney General
150 South Main Street
Providence, RI 02903
jmcsoley@riag.ri.gov

/s/ C. Leonard O'Brien