AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Rhode Island | |
|---|---|---|
| Name: Chester R. Briggs | Prisoner No. | Case No. CA 06-528S |

Place of Confinement: Adult Correctional Institutions - Maximum Security, Cranston, RI

Name of Petitioner (include name under which convicted): Chester Briggs

v.

Name of Respondent (authorized person having custody of petitioner): A.T. Wall

The Attorney General of the State of: Rhode Island

## AMENDED PETITION

1. Name and location of court which entered the judgment of conviction under attack Superior Court of Newport County, Rhode Island
2. Date of judgment of conviction April 27, 2001
3. Length of Life imprisonment
4. Nature of offense involved (all counts) Murder, first-degree, one count
5. What was your plea? (Check one)
   (a) Not guilty XX G
   (b) Guilty G
   (c) Nolo contendere G
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury XX G
   (b) Judge only G
7. Did you testify at the trial?
   Yes G NoXX G
8. Did you appeal from the judgment of conviction?
   YesXX G No G

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court Supreme Court of Rhode Island

(b) Result Appeal denied

(c) Date of result and citation, if known Dec. 6, 2005; 886 A.2d 735

(d) Grounds raised Failure to produce exculpatory evidence; violation of Confrontation Clause; violation of Due Process Clause; admission of involuntary confession, among others.

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court ______

(2) Result ______

(3) Date of result and citation, if known ______

(4) Grounds raised ______

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court ______

(2) Result ______

(3) Date of result and citation, if known ______

(4) Grounds raised ______

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes XXG No G

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court United States District Court/District of Rhode Island

(2) Nature of proceeding Petition for writ of habeas corpus

(3) Grounds raised Due Process, Confrontation, Self-incrimination.

AO 241 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes G NoXXG

(5) Result Order to file this amended petition

(6) Date of result 6/21/07

(b) As to any second petition, application or motion give the same information:

(1) Name of court

(2) Name of proceeding

(3) Grounds raised

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes G No G

(5) Result

(6) Date of result

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc. Yes G NoXXG
(2) Second petition, etc. Yes G No G

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

This Court ordered the filing of an amended petition.

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: See attached

Supporting FACTS (state *briefly* without citing cases or law):

B. Ground two: See attached

Supporting FACTS (state *briefly* without citing cases or law):

AO 241 (Rev. 5/85)

C. Ground three: See attached

Supporting FACTS (state *briefly* without citing cases or law):

D. Ground four:

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes G No XX G

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing
(b) At arraignment and plea John F. Cicilline, Esq., 387 Atwells Avenue, Providence, RI 02909

AO 241 (Rev. 5/85)

(c) At trial John F. Cicilline, Esq., Marie Roebuck, Esq., 387 Atwells Avenue, Providence, RI 02909

(d) At sentencing John F. Cicilline, Esq., Marie Roebuck, Esq.

(e) On appeal John F. Cicilline, Esq.

(f) In any post-conviction proceeding John F. Cicilline, Esq.

(g) On appeal from any adverse ruling in a post-conviction proceeding John F. Cicilline, Esq.

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes G NoXX G

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes G NoXX G
(a) If so, give name and location of court which imposed sentence to be served in the future: ________

(b) Give date and length of the above sentence: ________

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes G No G

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

[signature]
Signature of Attorney (if any)
John A. MacFadyen, Esq. (#1209)
C. Leonard O'Brien, Esq. (#1886)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

July 10 2007
Date

Chester Briggs
Signature of Petitioner

**Chester R. Briggs v. A.T. Wall**
**U.S. District Court / District of Rhode Island Case No. N1-1997-0276A**

**Attachments to Amended Petition for Writ of Habeas Corpus**

**A. Ground One**: Fourteenth Amendment – Due Process: violation of *Brady v. Maryland.*

**Supporting Facts:** The state failed to disclose the substance of its relationship with its cooperating witness, Timothy Ayers. This relationship included cooperation with the state in other cases, one of which bore marked similarities to the current one where Ayers provided false information, and an ongoing pattern of legal violations by Ayers which received a minimal punishment. A number of these offenses were not disclosed until after Mr. Briggs's trial, and the others were revealed mid-trial, at a point where close scrutiny was impossible.

The state court decisions regarding these disclosures were contrary to established Supreme Court law, constituted unreasonable application of established Supreme Court law, and were based on an unreasonable determination of facts in light of the evidence presented.

In an otherwise circumstantial case, Ayers was the single state's witness to claim to convict the defendant out of his own mouth. This claim has been outlined in detail in *Petitioner's Memorandum In Support of Objection to State of Rhode Island's Motion to Dismiss.*

**B. Ground Two:** Fourteenth Amendment: denial of fair trial.

**Supporting Facts:** The prosecution failed to disclose critical material evidence, notwithstanding the requirements of the Due Process clause and state law. In addition to the items listed in Part A above, the prosecution failed to disclose that three of its witnesses would claim that a plastic tie was located on the seat of defendant's truck which allegedly matched screw-ties found at the murder scene. This was the single piece of tangible evidence linking defendant to the Tiverton residence on the night of the homicide. This violation went beyond a state law discovery violation because of its extreme nature and the detrimental reliance that the defendant placed upon the state's discovery representations.

This claim should be considered in conjunction with Grounds One and Three as a frustration of Mr. Briggs's ability to present a defense.

**C. Ground Three:** Fourteenth Amendment: Due Process.

**Supporting Facts:** The state restricted inquiry into and/or failed to disclose the dropping of charges against two of its key witnesses: Robert White and William Lyonnais.

This claim should be considered in conjunction with Grounds One and Two as a frustration of Mr. Briggs's ability to present a defense.

**CERTIFICATION**

I hereby certify that on the 11th day of July, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by transmission of the Notice of Electronic Filing generated by the ECF system to the following attorney(s) of record:

Jane M. McSoley
Assistant Attorney General
150 South Main Street
Providence, RI 02903
jmcsoley@riag.ri.gov

/s/ John A. MacFadyen