**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CHESTER BRIGGS** | : | |
| | : | |
| **v.** | : | **CA: 06-528S** |
| | : | |
| **A.T. WALL** | : | |

**MOTION TO DISMISS PETITIONER'S AMENDED PETITION**

Now comes the State of Rhode Island and, in compliance with the Order issued by United States District Court Judge Smith on June 21, 2007, moves to dismiss the petitioner's amended petition. For the reasons set forth in the attached memorandum, the State respectfully requests that the foregoing amended petition should be denied and dismissed.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Jane M. McSoley
________________________________

**JANE M. McSOLEY, #3136**
Department of Attorney General
150 South Main Street
Providence, RI 02903
401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 1st day of August, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by transmission of the Notice of Electronic Filing generated by the ECF system to the following attorney(s) of record on the same date:

| | |
|---|---|
| C. Leonard O'Brien Jr., Esquire<br>len@ridefense.com | John A. MacFadyen III, Esquire<br>jam@ridefense.com |

/s/ Jane M. McSoley

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CHESTER BRIGGS** | : | |
| | : | |
| **vi.** | : | **CA: 06-528S** |
| | : | |
| **A.T. WALL** | : | |

**MEMORANDUM IN SUPPORT OF STATE'S MOTION TO DISMISS PETITIONER'S AMENDED PETITION**

The State of Rhode Island files this memorandum in support of its motion to dismiss an amended petition filed by petitioner on July 11, 2007 in compliance with an order issued by United States District Judge Smith on June 21, 2007. The State incorporates by reference its previously-filed State of Rhode Island's Memorandum in Support of its Motion to Dismiss Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person in State Custody as well as the Memorandum in Support of State's Objection to Petitioner's Motions for an Evidentiary Hearing and for Discovery.

**A. Alleged Due Process Violation of Brady v. Maryland**

The petitioner has alleged that the State violated its obligation to disclose exculpatory evidence under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963) related to State's witness Timothy Ayers, specifically, Ayers's complete criminal history along with his cooperation with the State in other matters, including one in which he allegedly provided authorities with false information. Brady is frequently cited to cover a broad range of discovery violations; however, the United States Supreme Court has held that no Brady violation can be said to have occurred "unless the nondisclosure was so serious that there is a reasonable probablity that the suppressed evidence would have

produced a different verdict." Strickler v. Green, 527 U.S. 263, 281-82, 119 S.Ct. 1936, 1948 (1999). This demands a showing of actual prejudice to the petitioner/defendant. ***Id.***

As noted in the State's prior filings, a check of Ayers's criminal history prior to trial uncovered thirty-four convictions, but failed to reveal three additional convictions. The trial justice determined that the prosecution's failure to disclose the three additional convictions was not deliberate and the Rhode Island Supreme Court concurred, holding that "if the high number of convictions was insufficient to convince a jury that it should disbelieve its testimony, then three additional convictions would not have changed the minds of the jurors;" because the evidence in issue was "merely cumulative," and would not have resulted in a different verdict, it provided no basis for a new trial. State v. Briggs, 886 A.2d 735, 757-58. In determining that the evidence in question was not material under Brady, the Rhode Island Supreme Court also noted that the jury heard counsel cross-examine Ayers extensively about his criminal history. ***Id.***

The allegation that the State deliberately failed to disclose false information given to authorities by Ayers in the past is a misrepresentation. As discussed in the State's Memorandum to Petitioner's Motion for Hearing and Discovery, Ayers acknowledged to an investigator ***not*** that he deliberately lied to authorities about the involvement of a fellow inmate, Charles Fuller, in a child's death, but that after Fuller's plea, he subsequently realized that he had ***unknowingly*** provided authorities with ***inaccurate*** information – a significant difference from the petitioner's allegation of a knowing misrepresentation on the part of the witness. As the Rhode Island Supreme Court found, ***"Ayers was not admitting to making a false statement, but to inadvertently delivering one."*** 886 A.2d at 759, n. 14. The Rhode Island Supreme Court explicitly rejected

Briggs's allegations that the prosecution knowingly withheld evidence of Ayers's retraction in the Fuller case. At the hearing on Briggs's new trial motion, the trial justice specifically found that Ayers did not withdraw his statement about Fuller until after the Briggs verdict, and the Rhode Island Supreme Court noted that Briggs failed to produce any evidence to undermine that finding, observing the "our review of the relevant portions of the transcript and record in this case does not cast any doubt on the trial justice's finding." 886 A.2d at 758, n. 12.

In addressing the issue of Ayers's past cooperation with the State, the Rhode Island Supreme Court applied the same reasoning it applied to Briggs's allegations centered upon the nondisclousre of three out of thirty-seven convictions. The Court observed that defense counsel cross-examined Briggs extensively about his past as an informant and his attempts to cooperate with the State in exchange for favorable treatment, going so far as to call the witness a "Judas." 886 A.2d at 758. Moreover, the fact that Ayers had given a statement in reference to another criminal prosecution was not material to this case, the Rhode Island Supreme Court found, as the jury would have convicted Briggs even with the information in issue. ***Id.*** The Court went beyond concluding that the alleged "nondisclosure" about the other case was not material for Brady purposes, explicitly finding that it did not even violate the provisions of Rhode Island Rule 16, which imposes far more stringent discovery obligations upon the State. ***Id.***

The State respectfully notes that all of these factual findings "are entitled to a presumption of correctmess that can be rebutted only by clear and convincing evidence to the contrary." Rashad v. Walsh, 300 F.3d 27, 35 (1st Cir. 2000). Moreover, the

petitioner failed to show that the Rhode Island Supreme Court's decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States" or was "based on an unresonable determination of the facts in light of the evidence established in the state court proceeding." Williams v. Taylor, 529 U.S. 362, 404-05, 120 S.Ct.1495, 1519 (2000).

**B. Alleged Fourteenth Amendment Violation**

The petitioner also claims to have been deprived of a fair trial by virtue of what he terms the State's "failure to disclose" the presence of a plastic twist-tie on the seat of Briggs's truck similar to one found at the scene of the shooting at the victim's residence.[1] There is no dispute that prior to trial, the State provided Briggs with a photograph of the truck cab interior, which the Rhode Island Supreme Court reviewed and found to "clearly reveal[s] a single black twist tie on the blue driver's seat of the defendant's pickup truck." 886 A.2d at 756-57. The Court also noted that petitioner should already have been aware of the evidentiary significance of the twist tie, because he learned through discovery about the presence of a twist-tie found near the victim's body. *Id.* (Tr. 3, 203.) The Court emphasized that, "a defendant's failure to use the provided discovery for investigatory purposes should not lead to a dismissal of the case" in concluding that the State had violated no discovery rules. *Id.*

Once again, the State would assert that the Court's findings of fact are entitled to a preseumption of correctness, a presumption that the petitioner has failed to rebut. Moreiver, petitioner has failed to demonstrate that the Rhode Island court's ruling was

[1] The New Hampshire State Police officer who processed the truck observed the twist tie on the passenger seat, but was unaware of its evidentiary significance and did not seize it. (Tr. 14, 160-65.)

contrary to or involved an unreasonable application of, federal law. Williams v. Taylor, 529 at 404-05, 120 S.Ct. at 1519.

**C. Alleged Due Process Violation**

Claiming that he was "frustrated in [his] ability to present a defense, Briggs cites the "restricted inquiry into and/or fail[ure] to disclose the drooping of charges against two of its key witnesses, Robert White and William Lyonnais." Simply put, these claims are blatantly false. The State did not fail to disclose the dropping of charges against either witness. When the prosecutor ran the information through NCIC III, the National Crime Information Computer Index, two Massachusetts drug charges against William Lyonnias did not appear. At the request of the trial justice, the prosecutor inquired into these charges, and found that they had been dropped. (Tr. 2-8, 88.) As the record in this case reveals, and as the Rhode Island Supreme Court noted in its decision, "the trial justice did not limit defendant's subsequent cross-examination of Lyonnias on the status of those drug charges," and, as the Court noted further, that area of inquiry extended to the possible motivation provided by the dropping of the charges in regard to Lyonnais's decision to take the stand at Briggs's trial. 886 at 749; (Tr. 8, 85-93.) This right to inquire extended to a 1979 California conviction for driving a vehicle without the owner's consent – "joyriding." As the Rhode Island Supreme Court observed in addressing this issue, "the record does not support the defendant's version of events." 886 A.2d at 749, n. 4; (Tr. 8, 94-97.).

The record similarly does not support petitioner's version of events concerning Robert White. When White testified, he told the jury he had been law abiding since

1996, although his record, which had been undisputably provided in discovery, disclosed that he had had two subsequent contacts with law enforcement – one in 1997 and another in 1998. (Tr. 5, 89.) On cross-examination, defense counsel grilled White on the discrepancy between his testimony and his actual record, along with the details of those two subsequent charges. This line of inquiry included questioning of the witness as to whether he had faced perjury charges in connection with this case. 886 A.2d at 735; (Tr. 5, 132-35; Tr. 6, 1-6.) As the Supreme Court of Rhode Island noted in its decision, the defense succeeded in peaching White as far as possible. Indeed, as the Court concluded, "the trial transcript * * * demonstrates [to us] that the defendant was not precluded in any way from probing either White or Lyonnais on issues of their respective motives and biases." 886 A.2d at 748.

**CONCLUSION**

As previously discussed, the Antiterrorism and Effective Death Penalty Act of 1996 allows habeas relief to be granted only when a petitioner's conviction was the result of "a decision that was contrary to, or involved the unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreaonsable determination of the facts in light of the evidence presented in the state court proceeding." Williams v. Taylor, 529 U.S. at 404-05, 120 S.Ct. at 1519. In Bell v. Cone, 535 U.S. 685, 694, 122 S.Ct. 1843, 1850 (2002), the Supreme Court explained that a federal court may grant habeas relief pursuant to the contrary clause only when the state court "applies a rule different from the governing law set forth in [the United States Supreme Court's] cases, or if it decides a case differently than [the United States Supreme Court] has done on a set of materially

indistinguishable facts." *Id.* The unreasonable application clause, on the other hand, allows habeas relief only when a legal maxim set forth by the United States Supreme Court is applied to the facts of a case in an unreasonable manner. The State respectfully submits that in deciding Chester Briggs's appeal, the Supreme Court of Rhode Island properly identified the apposite dictates of federal law, including the holdings of Brady and Strickler v. Green, and properly applied them to the facts of petitioner's case. The petitioner has established no basis for habeas relief and his petition should be denied.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Jane M. McSoley
______________________________
**JANE M. McSOLEY, #3136**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 1st day of August, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by transmission of the Notice of Electronic Filing generated by the ECF system to the following attorney(s) of record on the same date:

C. Leonard O'Brien Jr., Esquire
len@ridefense.com

John A. MacFadyen III, Esquire
jam@ridefense.com

/s/ Jane M. McSoley