IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHESTER BRIGGS | : | |
| | : | CA No. 06-528S |
| vs. | : | |
| | : | |
| A.T. WALL | : | |

**PETITIONER'S OBJECTION TO STATE OF RHODE ISLAND'S MOTION TO DISMISS AMENDED PETITION**

Petitioner hereby objects to the state's motion to dismiss his amended petition for writ of habeas corpus. The amended petition states claims for relief under 28 U.S.C. § 2254 which preclude summary disposition of this matter. Petitioner states his reasons more fully in the accompanying memorandum and in *Petitioner's Memorandum in Support of Objection to State of Rhode Island's Motion to Dismiss,* filed on May 25, 2007, which he hereby incorporates by reference.

Respectfully submitted,
Chester Briggs
By his attorneys,

/s/ John A. MacFadyen

JOHN A. MACFADYEN, ESQ. (#1209)
C. LEONARD O'BRIEN, ESQ. (#1886)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
401-751-5090

## CERTIFICATION

I hereby certify that on the 16th day of August, 2007, I filed the foregoing Objection electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by transmission of the Notice of Electronic Filing generated by the ECF system to the following attorney(s) of record:

Jane M. McSoley
Assistant Attorney General
150 South Main Street
Providence, RI 02903
jmcsoley@riag.ri.gov

/s/ John A. MacFadyen

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHESTER BRIGGS | : | |
| | : | CA No. 06-528S |
| vs. | : | |
| | : | |
| A.T. WALL | : | |

**PETITIONER'S MEMORANDUM IN SUPPORT OF OBJECTION TO STATE OF RHODE ISLAND'S MOTION TO DISMISS AMENDED PETITION**

Petitioner has already outlined the multiple reasons why his petition states grounds for relief under 28 U.S.C. §2254(d). *See, Petitioner's Memorandum in Support of Objection to State of Rhode Island's Motion to Dismiss,* filed on May 25, 2007 and incorporated herein. The state's latest motion and memorandum add nothing which would change the calculus in favor of summary disposition of this case. Indeed, its recent filing misapprehends the basic thrust of the information which was concealed from the defense in the state proceedings until it was too late to be of use.

The point is not that the state failed to reveal three convictions to add to Ayers's pile of criminal cases on which a general impeachment might be premised. Rather, the critical point is that these three convictions (actually six, counting the three that showed up mid-trial) were circumstantial evidence that Ayers had an ongoing symbiotic relationship with the state which allowed him to continue his criminal activities so long as he continued to help to convict others. Thus, Ayers's convictions post-dating his involvement in the Briggs case prove bias of the most extreme sort, bias which his other twenty-odd convictions did not reveal.

This is also why the new information regarding Ayers's activities in the Fuller matter was so important. It showed Ayers earning his keep as an active informant during the pendency of

the Briggs case. Further, if one credits the testimony of James Abbott, the Public Defender investigator, it showed that, whether true or false, Ayers was cobbling together his information from other inmates and packaging it as a jailhouse confession delivered to him directly, thereby making it admissible in court.

A hearing, preceded by full discovery, is necessary to illuminate Ayers's "true role in the investigation and trial of the case." *Banks v. Dretke,* 540 U.S. 668, 702 (2004) (finding *Brady* error in the failure to disclose witness's informant status). For this reason, summary disposition is inappropriate.

Petitioner's other claims for relief are further pieces in this unfortunate pattern. Both Robert White and William Lyonnaise had criminal charges disappear once they proffered themselves as witnesses against Mr. Briggs. Petitioner does not believe this was simply coincidence. Hence, the issue is not the scope of their cross-examination at trial, but whether the state satisfied its *Brady* obligations, whether it revealed to the defense what happened to make White and Lyonnaise witnesses in the first instance.

Petitioner's last claim, the twist ties, is again an issue of prosecutorial concealment, this time of inculpatory evidence. Petitioner has asserted that the state willfully concealed the significance of this evidence, thereby precluding counsel from preparing a defense to it and the jury from hearing all of the facts.

These several claims are synergistic. Both individually and cumulatively, they state claims for relief under 28 U.S.C. §2254(d).

The state's motion to dismiss should be denied.

Respectfully submitted,
Chester Briggs
By his attorneys,

/s/ John A. MacFadyen, Esq.
JOHN A. MACFADYEN (#1209)
C. LEONARD O'BRIEN (#1886)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
401-751-5090

**CERTIFICATION**

I hereby certify that on the 16th day of August, 2007, I filed the foregoing Memorandum in Support of Objection to State of Rhode Island's Motion to Dismiss Amended Petition electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by transmission of the Notice of Electronic Filing generated by the ECF system to the following attorney(s) of record:

Jane M. McSoley
Assistant Attorney General
150 South Main Street
Providence, RI 02903
jmcsoley@riag.ri.gov

/s/ John A. MacFadyen, Esq.
John A. MacFadyen, Esq. (#1209)